UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WYSOCZAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:23-cv-905 |
| CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Plaintiff, Michael Wysoczan, by his undersigned attorneys, for his Complaint against Defendant, Cambridge Mutual Fire Insurance Company, states as follows:

## FACTS

1. Plaintiff, Michael Wysoczan, was and is a citizen of Florida, domiciled in Boynton Beach, Florida, and owns the apartment building located at 2448 West Iowa Street in Chicago, Illinois ("the Building").

2. Defendant, Cambridge Mutual Fire Insurance Company ("Cambridge Mutual"), is a Massachusetts citizen, being a Massachusetts corporation with its principal place of business in Andover, Massachusetts.

3. This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332 because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 because the events giving rise to the claim occurred in this judicial court. Additionally, Cambridge Mutual does

1

business and/or transact business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

5. Cambridge Mutual issued to Plaintiff a businessowners property insurance policy effective from March 11, 2020 to March 11, 2021 ("the insurance policy"), a copy of which is attached as Exhibit A.

6. Under the insurance policy, Cambridge Mutual insured against direct physical loss of or damage to the Building caused by ice damming/ice formations and resulting water from melting ice.

7. On or about February 15, 2021, while the insurance policy was in full force and effect, the Building was damaged by ice damming/ice formations and resulting water from melting ice ("the loss").

8. Plaintiff submitted a claim to Cambridge Mutual for benefits under the insurance policy.

9. Cambridge Mutual acknowledged that the loss was covered under the insurance policy and issued payment to Plaintiff in the amount of $1,780.35, representing what it determined to be the actual cash value of the damage to the Building. The actual cash value payment was arrived at by Cambridge Mutual's independent insurance adjuster, L. J. Shaw & Company ("L.J. Shaw") first estimating the cost to repair/replace the damage and then deducting an amount for pre-loss depreciation and applying the applicable deductible. A copy of the estimate that Cambridge Mutual based its actual cash value payment on is attached to the Complaint as Exhibit B.

10. As set forth in the estimate attached to the Complaint as Exhibit C prepared on behalf of Plaintiff by Cera Restoration, Cambridge Mutual's determination of the amount of the

loss (a) fails to include all of the damage to the Building caused by ice damming/ice formations and resulting water from melting ice, (b) it includes pricing that is unreasonable and inadequate to repair/replace the damage, and (c) fails to include the cost of a general contractor for the repair/replacement (the industry standard of 10% overhead and 10% profit).

11. As reflected by the differences in their estimates, the parties disagree as to the amount of the loss to the Building, including, but not limited to, disagreeing as to (a) the building components damaged by ice damming/ice formations and resulting water from melting ice, (b) the extent of the damage and the scope of work necessary to repair or to replace the damage, (c) the pricing needed to perform the repair/replacement of the items that Cambridge Mutual included in its estimate, and (d) whether the damage is extensive enough to require employing a general contractor.

12. The insurance policy contains an "Appraisal" provision which provides as follows:

> "If we and you disagree on the amount of loss, either may make a written demand for an appraisal. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.
> **a.** Each party will pay its own appraiser and bear the other expenses of the appraisal and umpire equally, except as provided in **b.** below.
> **b.** We will pay your appraiser's fee and the umpire's appraisal fee, if the following conditions exist:
> **(1)** You demanded the appraisal; and
> **(2)** The full amount of loss, as set by your appraiser, is agreed to by our appraiser or by the umpire.
> If there is an appraisal, we will still retain our right to deny the claim."

13. On February 5, 2022, Plaintiff made a written demand for appraisal based on his disagreement with Cambridge Mutual as to the amount of the loss.

14. On May 5, 2022, Cambridge Mutual rejected Plaintiff's demand for an appraisal of the loss, taking the position that not all of the claimed damage was from ice damming/ice formations and resulting water from melting ice; but, rather from uncovered events like wear and tear.

## COUNT I
### (Declaratory Judgment Relief)

15. Plaintiff re-alleges paragraphs 1 through 14 of the Facts of the Complaint as paragraph 15 of count I of the Complaint.

16. Pursuant to Federal Rule of Civil Procedure 57, an actual and justiciable controversy exists between Plaintiff and Cambridge Mutual as to the amount of the water loss, thus warranting appraisal as demanded by Plaintiff. This Court is vested with the power to declare the rights and liabilities of the parties hereto and give such other and further relief as may be necessary.

WHEREFORE Plaintiff, Michael Wysoczan, prays that this Court enter and order:

(a) compelling and requiring the parties to proceed with appraisal in accordance with the terms of the "Appraisal" provision in the insurance policy to determine the amount of the loss, which requires the appraisal panel to determine: the damage to the Building caused by ice damming/ice formations and resulting water from melting ice; the scope of the loss; the scope of repairing or replacing the damage; the cost of repairing or replacing the damage; and whether the damage is extensive enough to require employing a general contractor;

(b) staying the case pending the outcome of the appraisal; and

(c) granting any additional relief this Court deems just and proper.

## COUNT II
### (Breach of Contract)

17. Plaintiff re-alleges paragraphs 1 through 14 of the Facts of the Complaint as paragraph 17 of count II of the Complaint.

18. Plaintiff has substantially performed all post-loss duties required by the insurance policy to be performed by him, requested of him, and/or not waived by Cambridge Mutual including, but not limited to (a) giving prompt notice of the loss; (b) cooperating with Cambridge Mutual in its investigation of the loss; and (c) timely filing suit against Cambridge Mutual.

19. It is Cambridge Mutual's duty to pay the amounts due and owing under the insurance policy for the covered loss, including the cost to repair/replace the damage to the Building.

20. Although requested to do so, Cambridge Mutual has failed and refused to pay for all of the damage sustained by Plaintiff from the loss, including the cost to repair/replace the damage to the Building, thus breaching the insurance policy.

21. This breach of the insurance policy was and is the direct and proximate cause of damage to Plaintiff in an amount in excess of $75,000.

22. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Plaintiff is entitled to prejudgment interest.

WHEREFORE Plaintiff, Michael Wysoczan, prays for judgment in his favor and against Defendant, Cambridge Mutual Fire Insurance Company, in an amount in excess of $75,000, plus prejudgment interest and costs.

**Plaintiff demands a trial by jury.**

/s/ Edward Eshoo, Jr.
Edward Eshoo, Jr.
Christina M. Phillips
181 West Madison, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com
*Attorneys for Plaintiff*